**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4550

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HARRY JAMES BELLAMY, II, a/k/a Little,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge.  (4:20-cr-00718-SAL-3)

Submitted:  April 25, 2023                          Decided:  April 27, 2023

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF**: Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina; Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harry James Bellamy, II, seeks to appeal his conviction and the 151-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  Bellamy's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court abused its discretion by overruling Bellamy's objections to the presentence report when calculating his advisory Sentencing Guidelines range.  Bellamy did not file a pro se supplemental brief after being notified of his right to do so.  The Government has moved to dismiss the appeal as barred by Bellamy's waiver of the right to appeal included in the plea agreement.

Where, as here, the Government seeks to enforce an appeal waiver and Bellamy has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver.  *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).  Our review of the plea hearing leads us to conclude that Bellamy knowingly and intelligently waived his right to appeal and that the waiver is valid and enforceable.  Bellamy's challenges to his sentence fall squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver.  Accordingly, we grant the Government's motion to dismiss Bellamy's appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment.

2

This court requires that counsel inform Bellamy, in writing, of the right to petition the Supreme Court of the United States for further review. If Bellamy requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bellamy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*